UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TYRONE JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 15-cv-3468 |
| v. ) | |
| ) | Judge John W. Darrah |
| FILTRAN, LLC; SHELLY DIFONZO; ) | |
| TANISHA BREWER; and ) | |
| DAN HANSON, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

On February 2, 2016, Plaintiff filed a Third Amended Complaint (Third Am. Compl.),

alleging various claims under Title VII of the Civil Rights Act of 1964 and state tort law.

Defendant Filtran, LLC filed a Motion to Dismiss [27] Counts I, II, III, IV, and V pursuant to

Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be

granted. For the reasons discussed below, Defendant's Motion to Dismiss [27] is granted.

## BACKGROUND

Plaintiff, Tyrone Jackson ("Jackson"), is an African-American who works as a material

handler for Defendant, Filtran, LLC ("Filtran"). (Third Am. Compl. ¶¶ 3, 7, 8.) Defendants —

Shelley DiFonzo, Tanisha Brewer, and Dan Hanson — work at Filtran. (*Id.* ¶¶ 4-6.) DiFonzo is

a Human Resources Representative; Hanson is a Plant Manager, and Brewer is an employee for

Filtran. (*Id.*)

On October 5, 2009, Jackson filed a charge (2010CF1028) with the Illinois Department

of Human Rights ("IDHR") against Filtran for discrimination because he felt he was the victim

of "frivolous" write-ups by his supervisors. (*Id.* ¶¶ 10-11.) He filed a second charge of

discrimination with the IDHR (2010CF2177) on January 25, 2010.  (Third Am. Compl. ¶ 12);

*See* Def.'s Mot. Dismiss Ex. A.[1]  On June 25, 2010, Jackson was reprimanded by a supervisor

for allegedly violating Filtran safety policies.  (Third Am. Compl. ¶ 14.)  Jackson was with five

other employees at the time of his alleged safety policy violation (three Caucasian, one Asian,

and one Hispanic).  (*Id.* ¶ 15.)  He was the only person to be written-up and given a three-day in-

house suspension.  (*Id.*)  This led to Jackson's filing a third charge for discrimination

(2011CF0021) with the IDHR on July 6, 2010.  (*Id.* ¶ 17.)  Jackson also claims he asked Filtran

many times for training that could lead to eventual promotion but did not receive this training.

(*Id.* ¶ 37.)

Around November 5, 2012, Jackson was accused of sexual harassment by his co-worker

Brewer. (*Id.* ¶ 18.)  As a result, Plaintiff received a verbal disciplinary warning.  (*Id.*)  Jackson

denied these accusations and filed a grievance with his union.  (*Id.* ¶ 19.)  This grievance led to

three rounds of  "Grievance Step" meetings between Jackson, DiFonzo, Hanson and union

representatives.  (*Id.* ¶¶ 19, 24.)  In these meetings, Jackson maintained that he was wrongly

accused of sexual harassment.  DiFonzo reiterated that a proper investigation had taken place,

and Jackson was disciplined.  (*Id.* ¶¶ 20-22, 24-27.)  DiFonzo indicated during the Step Three

Grievance Meeting that Jackson received a verbal warning for violating Filtran's harassment

policy.  (*Id.* ¶ 26.)  Plaintiff alleges that this investigation was libelous, reckless, and changed his

work environment.  (*Id.* ¶¶ 51, 57, 67)  Defendant provided no documentation to the union

representatives related to the investigation or interviews conducted as a result of the sexual

harassment allegations.  (*Id.* ¶ 27.)

---

[1] The Third Amended Complaint incorrectly lists and duplicates the January 25, 2010 charge number for Plaintiff's IDHR complaint as 2010CF1028. This was the charge number from Plaintiff's October 5, 2009 IDHR complaint. The correct charge number is listed in Defendant's Motion to Dismiss Exhibit A.

Jackson filed charges of discrimination for retaliation from the verbal disciplinary warning with the IDHR (2013CF2473) on March 13, 2013. (*Id.* ¶ 30(a)(i)); *See* Def.'s Mot. Dismiss Ex. A. These charges were cross-filed with the United States Equal Employment Commission ("EEOC"). (Third Am. Compl. ¶ 30(a)(ii).) The EEOC charge contains no mention of race and alleges retaliation for past discrimination charges. (Third Am. Compl. Attach.); (Def.'s Mot. Dismiss Ex. A.) On January 22, 2015, Jackson received a "Notice of the Right-to-Sue" from the EEOC. (Third Am. Compl. ¶ 31.) Plaintiff filed this action on April 20, 2015.

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). However, plaintiffs are not required to "plead the elements of a cause of action along with facts supporting each element." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 517 (7th Cir. 2015). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). When evaluating a Rule 12(b)(6) motion, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Twombly*, 550 U.S. at 555-56.

## ANALYSIS

### *Count I: Racial Discrimination*

In Count I, Plaintiff alleges that Defendant discriminated against him because of race in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 1981 (2012). Plaintiff claims that he was the only employee reprimanded for a safety violation among five other employees who were all of different races. (Third Am. Compl. ¶ 37.) Plaintiff also claims that he was not allowed to receive further job training and subsequent promotion, while others who are not apart of a "protected class" under title VII have received training and have been promoted. *Id.*

Plaintiff "is required to exhaust [his] administrative remedies by filing a complaint with the appropriate federal or state agency." *Dandy v. United Parcel Serv., Inc.*, 388 F.3d 263, 270 (7th Cir. 2004) (citing *Volovsek v. Wis. Dep't of Agric., Trade, & Consumer Prot.*, 344 F.3d 680, 687 (7th Cir.2003)). Generally, Title VII lawsuits must be based on the same claims as the EEOC charge. *Teal v. Potter,* 559 F.3d 687, 691 (7th Cir.2009); *See also Vela v. Village of Sauk Village*, 218 F.3d 661, 664 (7th Cir.2000); *Babrocky v. Jewel Food Co*., 773 F.2d 857, 863 (7th Cir.1985). The exception to this rule is if the claims in the complaint are "like or reasonably related to the allegations of the [administrative] charge and growing out of such allegations." *Cheek v. Western and Southern Life Ins. Co*., 31 F.3d 497, 501 (7th Cir.1994). Discrimination that does not grow out of an EEOC retaliation charge is procedurally barred from being included in the lawsuit. *Sitar v. Ind. Dep't of Trans.*, 344 F.3d 720, 727 (7th Cir. 2003).

Plaintiff filed IDHR Charge 2011CF0021 (also filed with the EEOC) on July 6, 2010 with the "cause of discrimination based on: retaliation." *See* Third Am. Compl. In IDHR Charge 2013CF2473, filed on March 13, 2013, the cause of discrimination was also retaliation. Plaintiff's EEOC charge is not based on racial discrimination but, rather, retaliation. Plaintiff

fails to allege any facts to support his claim that he filed a charge with the EEOC or IDHR based

on racial discrimination.  Further, racial discrimination usually does not grow out of employment

retaliation.  *See Sitar v. Ind. Dep't of Transp.,* 344 F.3d 720, 726-27.  Plaintiff makes no

allegations that the alleged racial discrimination here arises from his retaliation allegations.

Plaintiff has not exhausted the proper administrative remedies before filing this lawsuit; thus,

Count I is dismissed.

*Count II:  Retaliation*

In Count II, Plaintiff alleges employment retaliation under Title VII of the Civil Rights

Act of 1964. 42 U.S.C. § 2000e-(3)(a) (2012).  Title VII prohibits employers from discriminating

against employees for making lawful charges or participating in investigations.  42 U.S.C.

§ 2000e-(3)(a) (2012).  Plaintiff alleges that Defendant retaliated against him by engaging in

"unwarranted disciplinary action and continued harassment on the job due to Plaintiff trying to

exercise his rights under law."  (Third Am. Compl. ¶ 43.)

Retaliation can be shown in either a direct or indirect method.  *Haywood v.*

*Lucent Techs., Inc.*, 323 F.3d 524, 531 (7th Cir. 2003).  Both methods require a *prima facie* case

where the Plaintiff has suffered from an adverse action.  *Id*.  A materially adverse employment

action is an action which "well might have dissuaded a reasonable worker from making or

supporting a charge of discrimination."  *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53,

68 (2006).

Some activities, such as job termination, diminution of hours or salary, or job demotion

are unquestionably adverse actions.  *Atanus v. Perry*, 520 F.3d 662, 677 (7th Cir. 2008).

However, "petty slights or minor annoyances," mere verbal warnings, and "unfair reprimands . . .

unaccompanied by some tangible job consequence" cannot be adverse actions.  *Burlington*,

5

548 U.S. at 68; *Vance v. Ball State Univ.*, 646 F.3d 461, 475 (7th Cir. 2011) (holding that

although adverse actions are generally interpreted in a broad construction, verbal warnings

cannot be an adverse action); *Jones v. Res-Care, Inc.*, 613 F.3d 665, 671 (7th Cir. 2010).

The IDHR Charge (2013CF2473) accompanying the EEOC "Notice of the Right-to-Sue"

presented by Plaintiff alleges retaliation in the form of harassment and a verbal disciplinary

warning. [2] The alleged retaliatory harassment comes from Defendant DiFonzo's investigation

and allegation that Plaintiff sexually harassed a co-worker. Plaintiff denied these allegations.

The investigation into an employee's claim of sexual harassment alone is not an adverse action

for retaliation. Under the circumstances here, the allegedly insufficient investigation does not

rise to the level of a materially adverse action. *See Kuhn v. United Airlines*, 63 F. Supp. 3d 796,

804 (N.D. Ill. 2014). Stemming from these allegations was the potential materially adverse

action of the verbal disciplinary warning by Defendant DiFonzo for the alleged sexual

harassment. This verbal warning cannot be considered a materially adverse action. *See Vance*,

646 F.3d at 475. Thus, Plaintiff has not sufficiently alleged that he suffered from an adverse

action, and Defendant's Motion to Dismiss Count II is granted. [3]

*Counts III-V: State-Law Tort Claims*

In Counts III, IV, and V, Plaintiff alleges state-law tort claims of defamation of character,

intentional infliction of emotional distress (IIED) and negligent infliction of emotional distress

---

[2] Plaintiff's EEOC charge asserts retaliation for verbal warnings stemming from the October 2012 sexual harassment investigation. Other alleged retaliatory actions by Defendant, such as not receiving training and being targeted for safety violations, cannot be presented. *See Kersting v. Wal-Mart Stores, Inc.*, 250 F.3d 1109, 1118 (7th Cir. 2001) (holding that when the plaintiff failed to present other claims in the charged allegation, he waived the right to present them in the lawsuit.).

[3] The allegations of retaliation under Title VII presented in IDHR Charge 2011CF0021 have not been discussed. Defendant's Motion to Dismiss and Plaintiff's Response do not discuss the events from this charge; thus, it will not be discussed here.

(NIED).  These claims originate from the investigation and verbal discipline for alleged sexual

harassment by Plaintiff.  Plaintiff alleges that Defendant conducted this investigation and

reprimanded with malice and negligence.  These events are detailed in IDHR Charge

2013CF2473.

Defendant argues that Plaintiff's claims are preempted by the Illinois Human Rights Act

(IHRA), which states that "except as otherwise provided by law, no court of this state shall have

jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act."

775 ILCS 5/8–111(D).  "[I]f the conduct would be actionable even aside from its character as a

[Title VII] violation because the IHRA did not 'furnish[ ] the legal duty that the defendant was

alleged to have breached,' the IHRA does not preempt a state-law claim seeking recovery for it."

*Krocka v. City of Chicago,* 203 F.3d 507, 516–17 (7th Cir. 2000) (citing *Maksimovic v. Tsogalis,*

227 Ill.Dec. 98, 687 N.E.2d at 23) (affirming a dismissal of a state-law IIED claim because the

alleged IIED was "inextricably linked" to the underlying alleged discrimination.)  The plaintiff

must present an independent state-law claim to be exempt from preemption from the IHRA.

*Krocka*, 203 F.3d at 516.  An independent state-law claim is one that would have been

"actionable even aside from its character as a [Title VII] violation."  *Id.*  The Title VII violation

does not need to be incidental to the tort but, rather, form "the core of [plaintiff's] theory."

*Smith v. Chicago Sch. Reform Bd. of Trustees*, 165 F.3d 1142, 1151 (7th Cir. 1999) (holding an

IIED claim was preempted by the IHRA); *but see Hernandez v. Cook Cty. Sheriff's Office*, 76 F.

Supp. 3d 739, 746 (N.D. Ill. 2014) (holding that an IIED claim for improper investigation,

discipline, and threat of imprisonment arising in retaliation was not precluded).

Plaintiff's claims of defamation of character, IIED, and NIED all arise from the sexual

harassment accusations and reprimanding.  *See* Third Am. Compl. ¶¶ 48-51, 56-58, 67.  Plaintiff

alleges that this investigation was undertaken in retaliation, in violation of Title VII, for past charges filed against the Defendant (IDHR Charges 2010CF1028, 2010CF2177, and 2011CF0021). According to Plaintiff, this retaliation was "libelous," conducted with "reckless disregard" and changed his work environment post-sexual harassment allegations. The underlying action causing these torts is the retaliation. This retaliation is "inextricably linked" to the alleged state-law tort claims, rather than merely incidental, because the events of the alleged retaliation are the basis on which Plaintiff forms his tort claims. Without the alleged retaliation, the potential defamation of character, IIED and NIED could not have occurred. The claims cannot stand independently of the alleged retaliatory sexual harassment investigation and reprimands. Because the retaliation and state tort law claims are inextricably linked, the state-law claims are preempted by the IHRA.

Defendant's Motion to Dismiss Counts III, IV, and V is granted.

### CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss [27] is granted. Count I is dismissed with prejudice. Counts II, III, IV, and V are dismissed without prejudice. Plaintiff may file, within thirty days of this Order, an amended complaint as to the allegations in Counts II, III, IV, and V, if he can do so in compliance with Rule 11.

Date: June 30, 3016

JOHN W. DARRAH
United States District Court Judge